UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ALEXANDER MENDILLO,            )
                               )
    Plaintiff,                 )
                               )
v.                             )     No. 1:25-cv-275-TRM-MJD
                               )
BROOKSIDE PROPERTIES, et al.,  )
                               )
    Defendants.                )

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Alexander Mendillo ("Plaintiff"). Currently before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 1], and Plaintiff's complaint, which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff has failed to state a proper claim over which this Court has jurisdiction. The Court will therefore recommend this case be dismissed and Plaintiff's IFP application be denied as moot with no filing fee assessed.

**I. STANDARDS**

A plaintiff may commence a civil action in federal court without prepaying the administrative costs of the suit if the plaintiff demonstrates he is financially unable to do so. 28 U.S.C. § 1915(a). However, a district court is required to dismiss the civil action, or portion thereof, if the court determines the complaint is frivolous or fails to state a claim upon which relief can be granted, or if the IFP plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

2

Case 1:25-cv-00275-TRM-MJD   Document 7   Filed 08/27/25   Page 2 of 6   PageID #: 55

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

II.     ANALYSIS

It appears Plaintiff's claims relate primarily to alleged injuries he sustained due to the presence of mold in his apartment, which he claims his landlord failed to properly address. In his complaint, he names approximately fourteen defendants and lists approximately nineteen "witnesses." The body of the complaint consists of seven single-spaced pages of allegations covering a range of topics, many of which are seemingly unrelated to the mold issue. For example, Plaintiff complains about the conduct of a lawyer he hired in 2021 after being struck and injured by a "serial drunk driver named Michael Melton." [Doc. 2 at Page ID # 15]. Plaintiff attaches what appears to be a printout of a records check or background check on Mr. Melton that spans over 20 pages [*id.* at Page ID # 22–45]. Plaintiff also describes how, in 2020, an individual named Elijah Friend (possibly a former roommate) confessed to killing another individual by pushing him off a train trestle in Washington [*id.* at Page ID # 18]. He also mentions how a treating doctor "refus[ed] to cooperate in providing medical records" in connection with a July 2024 Social Security Administration disability benefits application [*id.* at Page ID # 16]. The Court is unable to discern how, if at all, these allegations relate to the alleged injuries Plaintiff attributes to the mold situation.

The rest of the complaint primarily addresses allegations related to the mold, including his landlord's response, his interactions with various agencies including "Housing and Urban Development" [*id.* at Page ID # 15], and alleged extortion by "Elizabeth and Josh Friend" when

Plaintiff decided to move out of the apartment [*id.* at Page ID # 17]. He requests $48 million in damages and several forms of injunctive relief, including charging various individuals with felony crimes, and requesting that "the Attorney General, the US Attorney for the Eastern District of Tennessee, and Governor Lee . . . personally look into the conduct of" Plaintiff's former attorney [*id.* at Page ID # 19–20].

Plaintiff indicates he relies on the Court's "federal question" jurisdiction, under 28 U.S.C. § 1331. He cites 18 U.S.C. §§ 241, 242, 249, and 1519. [*See* Doc. 2 at Page ID # 14]. It is not clear which defendant(s) Plaintiff is alleging violated which statute(s), or what specific conduct Plaintiff is alleging constitutes the violation(s). Regardless, these are criminal statutes which do not create a private right of action. *See Carlan v. Warner Robins Police Dep't*, No. 5:25-CV-63 (CAR), 2025 WL 2098743, at *3 & *3 n.29 (M.D. Ga. July 25, 2025) (§ 1915 screening; citing cases and dismissing with prejudice claims based on 18 U.S.C. §§ 241–242 because "these criminal statutes do not provide [the plaintiff] with a private right of action"); *Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254, at *3 (D. Nev. Aug. 4, 2025) (§ 1915 screening; dismissing claim based on 18 U.S.C. § 1519 because it does "not retain a private right of action" (citation omitted)); *Sanders v. Carro*, No. 5:23 CV 01922, 2024 WL 382454, at *2 (N.D. Ohio Feb. 1, 2024) (§ 1915 screening; dismissing claim based on 18 U.S.C. § 249 because it is a "criminal statute[] and provide[s] no private right of action to civil plaintiffs."). Therefore, to the extent Plaintiff is attempting to bring criminal charges against some or all of the defendants, he lacks standing. *See Sanders*, 2024 WL 382454, at *2 (citations omitted).

Plaintiff also lists several Tennessee statutes as "relevant violations and proceedings." [Doc. 2 at Page ID # 14]. It is unnecessary to address any alleged violations of these statutes on an individual basis because the Court should decline to exercise supplemental jurisdiction over the

state law claims once the federal statutory claims are dismissed. "The district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed . . . , the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citations omitted); *see also Booker v. City of Beachwood*, 451 F. App'x 521, 522–23 (6th Cir 2011) ("When, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'" (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.1996))).

As a result of these fatal flaws in Plaintiff's claims, the Court finds justice would not be served by granting Plaintiff leave to amend his complaint. *See* Fed. R. Civ. P. 15(a). Furthermore, because the Court will recommend that Plaintiff's case be dismissed in its entirety, it is unnecessary to discuss the deficiencies in Plaintiff's IFP application in any detail or to require Plaintiff to submit a corrected IFP application. Rather, Plaintiff's case should be dismissed with no filing fee assessed, and his IFP application should be denied as moot.

### III. CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS**[1] Plaintiff's claims be dismissed and this case **CLOSED**. The Court further **RECOMMENDS** Plaintiff's IFP application [Doc. 1] be **DENIED AS MOOT** with no filing fee assessed.

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v.*

Plaintiff is hereby **NOTIFIED** that the Court will not consider any requests for substantive relief, including any request to amend his complaint, until after the presiding District Court Judge rules on the recommendations made herein. Any such requests for relief are subject to being summarily denied.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).